UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FELICHA JANOSKI,            CASE NO. 5:13-cv-588-Oc-22 PRL

    Plaintiff,

v.

ASPEN DENTAL MANAGEMENT, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, FELICHA JANOSKI, hereby sues Defendant, ASPEN DENTAL MANAGEMENT, INC., and alleges:

### JURISDICTION

1. This is an action for discrimination brought under the Uniformed Services Employment and Reemployment Rights Act (USERRA). Jurisdiction of this Court is invoked pursuant 38 U.S.C.A § 4323(b)(2). Demand is made herein for an amount in excess of Fifteen Thousand Dollars ($15,000.00).

2. Declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorneys fees, costs and damages.

3. Plaintiff is a member of a class protected by law because she was discriminated and retaliated against by her employer due to his military status.

### PARTIES

4. At all times pertinent hereto, Plaintiff, FELICHA JANOSKI, has been a resident of Marion County, Florida, and was employed by Defendant ASPEN DENTAL MANAGEMENT, INC. She is thus *sui juris*.

5. At all times pertinent hereto, Defendant, ASPEN DENTAL MANAGEMENT, INC., has been organized, existing, and/or operating under the laws of the state of New York, and is registered to do business in the state of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

6. Plaintiff has satisfied all conditions precedent to bringing this action. Venue is proper in Marion County, Florida, because the tortuous acts and statutory violations against Plaintiff were committed here.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff is an active member of the United States Air Force Reserves, and has served since July 2005. In July 2012, Plaintiff relocated to Florida from Virginia, and began working for Defendant at its Ocala, Florida, location. Kimberly Smith worked as the Office Manager and Plaintiff's direct supervisor, Melissa Mitchell worked as the Regional Manager.

8. At the time of her hire, Plaintiff was repeatedly told and assured by Ms. Smith that she was in training for and going to be promoted to the position of Assistant Manager (also known as the "Patient Satisfaction Representative"). While performing her regular duties each day, Plaintiff also continuously training for the promotion. At the time of her hire, the office did not open on Saturdays.

9. Once the office began to open on Saturdays, Plaintiff began to feel tension from Ms. Smith, which Plaintiff felt was related to her Air Force Reservist commitment of one weekend of service each month. Plaintiff then saw an position advertisement for the Patient Satisfaction Representative position. She questioned Ms. Smith about the posting, but as assured by Ms. Smith that she was still being promoted, and the advertisement was actually to find Plaintiff's replacement for her current position.

2

10. Several weeks went by, and Ms. Smith told Plaintiff that she was hiring her personal friend, Kelly Cox, for the position. Ms. Smith stated that Ms. Cox had more experience for the position, which was not true.

11. Ms. Cox was immediately treated more favorably than Plaintiff. Plaintiff had worked for Defendant for months but was never given a key; Ms. Cox was given keys within her first week of employment. Plaintiff then began to experience harassment.

12. In May 2013, Plaintiff provided Ms. Smith a copy of her Annual Tour Orders. She was then called into a meeting with Ms. Smith and Ms. Mitchell. The two interrogated Plaintiff, expressing their concerns about her military service. Plaintiff re-explained her time requirements as an Air Force Reservist, and further stated that she could be called to duty at any time with little notice.

13. Ms. Mitchell and Ms. Smith told Plaintiff she needed to give them at least 30-45 days advanced notice of any duty requirements. They then proceeded to question her service duties, which is classified information, and Plaintiff informed them that she was unable to provide those details. Ms. Smith and Ms. Mitchell then requested to speak to Plaintiff's "Commanding Officer" to clarify her orders.

14. During that meeting, Plaintiff provided Ms. Smith and Ms. Mitchell with a copy of her rights under the Uniformed Services Employment and Reemployment Rights Act, and stated that she would provide them with an appropriate contact person to answer their numerous questions.

15. Plaintiff returned to work on May 8, 2013. Ms. Smith had already contacted Master Sergeant Oliva, and provided him with false information about the notice provided by

Plaintiff to Defendant regarding her upcoming orders. Plaintiff had indeed provided sufficient notice.

16. Plaintiff reported Defendant's conduct to her chain of command seeking assistance. From that time on, Plaintiff experienced harassment, humiliation, and retaliation at the hands of Ms. Smith, often reducing Plaintiff to tears. Plaintiff's supervisors were rude to her in front of other employees and short with Plaintiff when they spoke to her. She was also denied proper holiday and vacation pay.

17. Prior to commencing her leave pursuant to her orders on June 17, 2013, Plaintiff contacted Defendant's human resources department and reported Ms. Smith and Ms. Mitchell's discriminatory and harassing conduct. Plaintiff was told she could take personal leave while the situation was investigated, but she never received any type of follow up call.

18. Due to Defendant's continuing harassment, discrimination, and retaliation, conditions under which no reasonable person could be expected to work, Plaintiff resigned on August 9, 2013.

19. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a reasonable fee for these services. Defendant should be made to pay said fee under the laws applicable to this case.

### COUNT I
### VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

20. Paragraphs 1 through 19 are hereby realleged and reincorporated as if set forth in full herein.

21. Defendant is an employer as that term is used under the applicable statutes referenced above.

22. The foregoing allegations establish a cause of action for unlawful discrimination based on Plaintiff's military status.

23. Defendant discriminated against Plaintiff, who was not required to work when participating in mandatory military activities, due to her military obligations.

24. Plaintiff believes and alleges that Plaintiff's military status was a substantial and determining factor in Defendant's decision to both discriminate and retaliate against Plaintiff and separate her employment.

25. Defendant's conduct as alleged in this complaint constitutes an unlawful employment practice in violation of USERRA.

26. The foregoing unlawful actions by Defendant were purposeful.

27. Plaintiff attended mandatory military activities and she was the victim of retaliation thereafter, as related in part above.

28. Plaintiff is a member of a protected class because she routinely fulfilled her mandatory military duties while employed, which sometimes required her to miss work, and was the victim of discrimination and retaliation thereafter. There is thus a causal connection between missing work to fulfill military duties and the adverse action taken thereafter.

29. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

    (a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant all legal and equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable. Dated this 25th day of November, 2013.

Respectfully submitted,

/s Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF